# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Charles M.,[1] | : | Case No. 3:20-cv-108 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ORDER

## I. INTRODUCTION

Plaintiff protectively filed an application for Disability Insurance Benefits in September 2015. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council granted Plaintiff's request for review and vacated the ALJ's decision. Upon remand, the ALJ held a subsequent hearing and again found Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), Plaintiff's Reply (Doc. 15) and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since February 16, 2015. At that time, he was thirty-eight years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c), 416.963(d).[2] Plaintiff has a limited education. *See* 20 C.F.R. § 404.1564(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 60-74), Plaintiff's Statement of Errors (Doc. 11), Commissioner's Memorandum in Opposition (Doc. 14), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." (*Id.*)

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (*Id.*) (citation omitted).

3

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since February 16, 2015, the alleged onset date. |
| Step 2: | | He has the severe impairments of ankylosing spondylitis, degenerative disc disease of the lumbar spine, and asthma. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (hereinafter "RFC"), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as |

>       defined in 20 C.F.R. § 404.1567(a) subject to the following limitations: "(1) can lift and carry 10 pounds occasionally and less than 10 pounds frequently; (2) can stand and/or walk for two hours and sit for six hours; (3) would be permitted to alternate sitting and standing while at the workstation every 30 minutes; (4) can push and or pull at the same exertional limits; (5) can frequently handle and feel; (6) can never climb ladders, ropes or scaffolds, or crawl; (7) occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; (8) should avoid concentrated exposure to extreme cold, extreme heat, humidity, and dusts, odors, fumes and pulmonary irritants; (9) should avoid all exposure to unprotected heights; (10) requires the use of a cane for balance and ambulation."

Step 4:   He is unable to perform any of his past relevant work.

Step 5:   He can perform a significant number of jobs that exist in the national economy.

(Doc. 10-2, PageID 60-74.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, 74.)

## V. ANALYSIS

Plaintiff argues that the ALJ erred in evaluating the medical source opinions and medical evidence. (Doc. 11, PageID 1213-19.) Specifically, Plaintiff challenges the ALJ's assessment of the medical opinions of treating physicians Amol Soin, M.D., and Bobbi Barth, D.O. (*Id.*)

Social Security regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion "is

well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson,* 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." (*Id.*) (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

Dr. Soin

Dr. Soin provided several opinions in the record regarding Plaintiff's physical functioning. In a "Medical Update Form" dated June 26, 2015, Dr. Soin referred to diagnoses of low back pain, lumbar spondylosis, and lumbar degeneration; he also noted complications of a "possible" component of myofascial pain and "some" facet arthropathy. Dr. Soin opined Plaintiff was unable to perform any heavy lifting, pulling, or bending. He further indicated Plaintiff's estimated return to work date was July 27, 2015, "pending follow up appointment." (Doc. 10-7, PageID 660-61.) In a treatment note dated July 24, 2015, Dr. Soin noted, "He has mostly subjective complaints of pain. The pain is debilitating and prevents him from working." (Doc. 10-7, PageID 678.) Dr. Soin subsequently completed a "Return to Work" form on August 24, 2015. In this form, Dr. Soin indicated Plaintiff could never lift any amount of weight and could never bend at the waist, twist, or squat/crouch/kneel. Dr. Soin also noted Plaintiff was unable to "change any tires." (Doc. 10-7, PageID 686.) In another "Return to Work" form dated September 1, 2015, Dr. Soin again opened Plaintiff was unable to perform any heavy lifting, pulling, or bending. He referred to an estimated return to work date of "6 months" (Doc. 10-7, PageID 690-91.)

The ALJ addressed the treating physician rule and did not assign controlling weight to Dr. Soin's opinions; instead, he accorded them "little weight." (Doc. 10-2, PageID 69.) The ALJ assigned "no weight" to Dr. Soin's conclusion that Plaintiff was "prevent[ed] from working." (*Id.*)

The ALJ's explanation for assigning such weight is clearly articulated and supported by substantial evidence. Plaintiff asserts the ALJ rejected the opinions of Dr. Soin "primarily because he had a 'tumultuous treating relationship'" with Plaintiff. (Doc. 11, PageID 1214; *see* Doc. 10-2, PageID 69.) However, it is appropriate for the ALJ to consider the interactions between Plaintiff and Dr. Soin when weighing Dr. Soin's medical opinion. Such interactions fall within the host of factors an ALJ will consider when deciding the weight given to any medical opinion. (*See* 20 C.F.R. § 404.1527(c).)

Thus, the ALJ appropriately considered Dr. Soin's observations that Plaintiff "seemed to be seeking opioids," seemed "extremely upset" when Dr. Soin "would not redirect his previous treatment notes to support Plaintiff's disability claim," and "threatened to sue Dr. Soin and/or report him to the medical board if he did not fix the problem." (Doc. 10-2, PageID 68; *referencing* Doc. 10-7, PageID 865-866.) The ALJ also appropriately considered Dr. Soin's notations that ankylosing spondylitis "in and of itself is not a truly disabling condition," that "he has a number of patients who live with this condition and still work," and that "many patients with similar or worse findings to that of Plaintiff are able to work." (*Id.*)

Further, Plaintiff's assertion that the ALJ rejected Dr. Soin's opinion "primarily" because of the "tumultuous relationship" is somewhat misleading, as the nature of the relationship between Plaintiff and Dr. Soin is only one of many factors the ALJ considered in assigning weight to Dr. Soin's opinions. In fact, the ALJ also relied on the inconsistencies between Dr. Soin's opinions and his treatment notes – including Dr.

Soin's own observations and examination findings – as well as other objective evidence in the record, as the basis for rejecting Dr. Soin's opinions. (Doc. 10-2, PageID 68-70.)

Notably, the ALJ cited to Dr. Soin's observation that Plaintiff "was able to walk in and out of his office without assistance" and "did not visually appear to be in pain other than the subjective physical findings around the paravertebral segments of the spine." (Doc. 10-2, PageID 69.) The ALJ further explained that other substantial evidence of record contradicted Dr. Soin's opinions. For example, the ALJ acknowledged that while some physical examinations showed symptoms and findings including ongoing pain, lumbar tenderness, and limited lumbar range of motion, other examinations showed normal range of motion and no tenderness. (Doc. 10-2, PageID 70.)

For these reasons, the ALJ's explanation for giving little to no weight to Dr. Soin's opinions is clearly articulated and supported by substantial evidence.

Dr. Barth

On August 11, 2016, Dr. Barth signed off on a Functional Capacity Evaluation performed by Paul Turner, P.T. (Doc. 10-7, PageID 763-769.) Dr. Barth, through Mr. Turner, noted Plaintiff had "severe restrictions and pain inhibition" that "limit[ed] his ability to perform any functional physical demands." (*Id.,* 763.) Dr. Barth opined Plaintiff was "not able to function" for a full 8-hour workday "according to the standards of the US Department of Labor for any category of work Sedentary or above." (*Id.,* 764.) She further noted Plaintiff was "functioning below a sedentary level of physical demand" at that time (*Id.*) More specifically, Dr. Barth opined Plaintiff could occasionally lift and carry no more than 4.5 pounds (and no more than 2 pounds from shoulder to overhead),

9

with no lifting from floor to waist. She further opined Plaintiff was unable to perform floor reaching, stooping, twisting, squatting, crouching, kneeling, and crawling. (*Id.,* 768.) According to Dr. Barth, Plaintiff could frequently sit and perform desk reaching, and he could occasionally stand, ambulate, perform overhead reaching, and climb stairs. (*Id.*) She also opined Plaintiff could climb stairs "with use of handrail and cane." (*Id.*)

In his summary of Dr. Barth's opinion, the ALJ commented that Dr. Barth's findings were "drastically different from the balance of [Plaintiff's] objective medical records." (Doc. 10-2, PageID 71.) The ALJ ultimately assigned little weight to Dr. Barth's opinion. (*Id.,* 72.)

Plaintiff argues that the ALJ's assignment of little weight to Dr. Barth's opinion is unsupported by the medical evidence because: 1) numerous medical sources in the record made clinical findings similar to those of Dr. Barth; 2) the ALJ "improperly attempted to interpret substantial objective medical data in functional terms"; and 3) the ALJ "failed to credit any medical source that reviewed the post-2015 objective records." (Doc. 11, PageID 1218.)

Plaintiff's assertions are insufficient to overcome the substantial evidence standard. The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir.2004)). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." (*Id.,* quoting *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)). Thus, the ALJ's decision

10

may be affirmed even if substantial evidence in the record supports the opposite conclusion. *See Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Here, the ALJ relied on substantial evidence to support his conclusions, which is adequate to support his decision to assign little weight to Dr. Barth's opinion. Moreover, although the record contains some objective and clinical medical findings that arguably provide some support for Dr. Barth's opinion, the ALJ acknowledged and evaluated these findings in the decision. For example, in the summary of Dr. Barth's opinion, the ALJ cited examination findings that were documented during the functional capacity evaluation, which included "pain in the right inguinal/groin and right greater than left lumbar spine regions, ranging in severity from 8/10 – 10/10 over the course of testing," "severe physical and range of motion deficits," and being able to lift and carry 4.5 pounds. (Doc. 10-2, PageID 71.) The ALJ also considered other physical examinations in the record which showed "lumbar tenderness and limited range of motion" and an "antalgic gait." (*Id.*)

The ALJ compared these findings to contradictory examination findings and objective imaging in the record, and he concluded that the balance of the evidence did not support Dr. Barth's opinion. Specifically, the ALJ found Dr. Barth's citation to a negative EMG, mild disc bulging, and lack of stenotic compression did not support her opinion. (Doc. 10-2, PageID 71; *referencing* Doc. 10-7, PageID 498, 505, 764.) In further support of his assignment of weight, the ALJ cited findings documented by other providers, which included full extremity strength, intact sensation, no atrophy or tenderness, negative straight leg raising, and a normal gait. (*Id.*). The ALJ also pointed to lumbar,

11

cervical, and thoracic spine imaging studies showing no more than mild pathology. (*Id.,* PageID 70, 72). The Court concludes that the ALJ based his decision to assign little weight to Dr. Barth's opinion upon substantial evidence in the record.

Plaintiff further contends that the ALJ "improperly attempted to interpret substantial objective medical data in functional terms," citing August 2016 x-rays, a March 2017 lumbar spine MRI, and a December 2018 lumbar spine x-ray that were not reviewed by the state agency reviewing physicians. (Doc. 11, PageID 1218.) Plaintiff asserts that this data is "not drastically inconsistent with Dr. Barth's assessment" and that the ALJ is not qualified to interpret the raw medical data in functional terms. (*Id.*)

However, in evaluating these reports in the RFC analysis section of the decision (Doc. 10-2, PageID 67-68, 70), the ALJ did not interpret the objective medical data beyond his ability. The regulations require the ALJ to evaluate the medical evidence to determine whether Plaintiff is disabled. *See* 20 C.F.R. § 404.1545(a)(3); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (stating, "the ALJ is charged with the responsibility of evaluating the medical evidence"); *Coldiron v. Comm'r of Soc. Sec.,* 391 Fed.Appx. 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.... An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding.").

In this case, the MRI and x-rays of Plaintiff's lumbar spine were both read and interpreted by a radiologist. (Doc. 10-7, PageID 926, 965-66, 1188.) The ALJ's conclusions regarding Plaintiff's spine, and the limitations to sedentary exertion, are

consistent with the radiologists' interpretations of this imaging. (*See Id.*) Thus, the ALJ properly evaluated the evidence of Plaintiff's physical condition.

Further, the interpreting radiologist concluded that the findings shown in the March 2017 imaging were similar to previous imaging taken in April 2015. (Doc. 10-8, PageID 965.) The State agency reviewing physicians reviewed and accounted for the April 2015 pathology in their assessments for light exertion. (Doc. 10-3, PageID 151, 172, 175.) Thus, these reviewers essentially accounted for the March 2017 pathology in their assessments.

Nevertheless, when the ALJ evaluated the opinions of the State agency record-reviewing physicians, the ALJ did not adopt their findings entirely. The ALJ found their assessments did not accurately reflect the overall evidence, and he recognized a need for additional limitations to account for the significant additional evidence submitted after their 2015 assessments. The ALJ further limited Plaintiff to sedentary-level work with the ability to alternate sitting and standing while at the workstation every 30 minutes, as well as the ability to use a cane for balance and ambulation. (Doc. 10-2, PageID 71.) These conclusions are supported by substantial evidence in the record.

As for Plaintiff's assertion that the ALJ "failed to credit any medical source that reviewed the post-2015 objective records" (Doc. 11, PageID 1218), the ALJ is not required to "credit" or give any significant weight to an opinion. Instead, the ALJ must weigh each medical opinion by considering all of the factors set forth in 20 C.F.R. § 404.1527(c). For the reasons discussed above, the ALJ provided good reasons for the

13

weight assigned to Drs. Soin and Barth, and these reasons were supported by substantial evidence.

Plaintiff cites to several findings dated after 2015 to support the assertion that the ALJ did not adequately consider post-2015 evidence. However, while the ALJ is required to develop the record, the "ALJ is not required to discuss all the evidence submitted." *Baranich v. Barnhart,* 128 F. App'x 481, 488 (6th Cir. 2005) (quoting *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir.2000)); *see also Daniels v. Comm'r of Soc. Sec.,* 152 F. App'x 485, 489 (6th Cir. 2005). "Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered." (*Id.*)

In this case, the record reflects that the ALJ considered all of the evidence, including evidence dated after 2015, in arriving at Plaintiff's RFC. For example, the ALJ specifically evaluated findings from several physical examinations to support the sedentary RFC, and these examinations were performed both prior to and after 2015. (*See* Doc. 10-2, PageID 67.) The ALJ acknowledged that some examinations showed abnormalities such as lumbar tenderness, lumbar range of motion, and an antalgic gait, but he compared these findings to other unremarkable examinations and findings. (*Id.*) His conclusion that the balance of these findings warrant limitations to sedentary work is supported by substantial evidence. (*Id.,* 70.) Likewise, the ALJ specifically referenced the August 2016 x-rays, March 2017 lumbar spine MRI, and December 2018 lumbar spine x-ray discussed above in his analysis of Dr. Barth's opinion or in the supporting analysis

for the sedentary RFC. (Doc. 10-2, PageID 67-68, 70-72.) The applicable legal framework did not require him to do more.

Plaintiff also points to two occasions where sources observed him using a walker. (Doc. 11, PageID 1217.) However, the ALJ addressed Plaintiff's assertion regarding the use of a walker and found that the device was not medically necessary. (Doc. 10-2, PageID 70.) In arriving at this conclusion, the ALJ evaluated Plaintiff's testimony in light of the examination findings and objective testing, and concluded that, although a walker was not necessary, Plaintiff required a "sit/stand" option and a cane for balance and ambulation. (*Id.,* 65-66, 70.) The ALJ's conclusion is supported by substantial evidence.

For these reasons, substantial evidence supports the ALJ's assignment of weight to Dr. Barth's opinion.

## VI. CONCLUSION

In summary, although Plaintiff maintains the ALJ should have weighed the opinion evidence differently, substantial evidence supports the ALJ's consideration of those opinions. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003). The substantial evidence standard presupposes that there is a zone of choice within which the decision maker can go either way, without interference by the courts. *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009). The ALJ's explanation for assigning little weight to the opinions of Drs. Soin and Barth was within the zone of reasonable choices. The ALJ further provided reasonable explanations, supported by substantial evidence, for why and how he weighed the medical opinions.

Accordingly, Plaintiff's Statement of Errors is without merit.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is OVERRULED;

2. The Court AFFIRM the Commissioner's non-disability determination; and

3. The case be terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge